NOT DESIGNATED FOR PUBLICATION

Nos. 115,788
115,789

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

WILLIAM JAMAL ALEXANDER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; JOSEPH L. MCCARVILLE III, judge. Opinion filed December 16, 2016. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).

Before MALONE, C.J., PIERRON and BRUNS, JJ.

*Per Curiam*:  William Jamal Alexander appeals the district court's decision revoking his probation in two separate cases and ordering him to serve his underlying prison sentences. We granted Alexander's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67). The State has filed no response.

In 13CR612, Alexander was convicted of one count of felony theft and one count of fleeing and eluding a law enforcement officer. The district court imposed a controlling sentence of 12 months' imprisonment but granted probation with community corrections for 12 months. In 14CR224, Alexander was convicted of one count of burglary of a

1

dwelling. The district court sentenced Alexander to 18 months' imprisonment but granted probation with community corrections for 12 months.

At a hearing on January 21, 2016, the district court found that Alexander had violated the conditions of his probation by committing a new felony. The district court revoked Alexander's probation in each case and ordered him to serve his underlying prison sentences. Alexander timely appealed.

On appeal, Alexander argues that the district court erred "by revoking probation and ordering execution of the underlying sentence." Alexander acknowledges that the decision to revoke probation rests within the district court's sound discretion.

Probation from service of a sentence is an act of grace by the sentencing judge and, unless otherwise required by law, is granted as a privilege, not as a matter of right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). Once the State has proven a violation of the conditions of probation, probation revocation is within the sound discretion of the district court. *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001). A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012). The party asserting the district court abused its discretion bears the burden of showing such abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

As Alexander acknowledges, K.S.A. 2015 Supp. 22-3716(c)(8) provides that if the offender commits a new felony or misdemeanor while on probation, the district court may revoke probation without having previously imposed an intermediate sanction. Because Alexander committed a new felony while on probation, the district court was not required to consider an intermediate sanction before revoking Alexander's probation. The district court's decision to revoke Alexander's probation was not arbitrary, fanciful, or

unreasonable, and the decision was not based on an error of law or fact. See *Ward*, 292 Kan. at 550. Thus, we conclude the district court did not abuse its discretion in revoking Alexander's probation and ordering him to serve his underlying prison sentences.

Affirmed.